IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DANIEL J. CASTILLO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:14CV153 |
| | § | |
| REGIONS BANK d/b/a | § | |
| REGIONS MORTGAGE | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant Regions Bank's Motion to Dismiss (Dkt. 8). As set forth below, the Court finds that it should be GRANTED.

This case involves the threatened foreclosure on property located at 700 Buffalo Springs Drive, Prosper, Texas 75078 ("the Property"). In March 2014, Plaintiff Daniel J. Castillo filed suit against Regions Bank d/b/a Regions Mortgage in the 366th District Court of Collin County, Texas. On March 17, 2014, Defendant removed the case to this District, and, on September 19, 2014, the case was assigned to the undersigned by consent of the parties.

Plaintiff's Original Petition – which has not been amended since removal – argues that he signed a Promissory Note and Deed of Trust to purchase the Property but that he is now being threatened with foreclosure. Dkt. 5 at ¶¶7-10.[1] According to Plaintiff, after facing a financial

---

[1] Plaintiff has alleged that he has been threatened with foreclosure, see Dkt. 5 at ¶10 but does not allege that a foreclosure has occurred.

hardship, he submitted his financial information to Defendant and "Defendant has agreed that it would review the loan for a modification under one of their [sic] numerous programs available" but Defendant has yet to state why a loan modification has not yet been approved or denied and has not yet agreed to stop its foreclosure efforts. Dkt. 5 at ¶¶11-13.

Plaintiff alleges that he was not given proper notice pursuant to the statutory requirement of the Texas Debt Collection Act requiring that a debtor be given at least 30 days to request and obtain verification of the debt prior to any notice of foreclosure proceedings on a debtor's homestead. Dkt. 5 at ¶14. Plaintiff also asserts a breach of contract and anticipatory breach of contract claim.

Defendant has filed a motion to dismiss seeking to dismiss all of Plaintiff's claims for failure to state a claim. Plaintiff has filed a response in opposition.

**STANDARD FOR MOTION TO DISMISS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

In his breach of contract and anticipatory breach of contract allegations, Plaintiff claims that Defendant violated Section 51.002 of the Texas Property Code and the Deed of Trust by not giving him the right to cure and reinstate his Note and argues that Defendant waived its right to foreclose. "In Texas, the essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC,* 490 F.3d 380, 387 (5th Cir. 2007) (internal quotation marks and citation omitted).

3

Plaintiff's allegation that he was not given notices in accordance with the Property Code and the Deed of Trust may be sufficient to state a breach of the parties' agreement.² The Court finds, however, that Plaintiff has not stated any damages flowing from the failure to provide certain notices prior to foreclosure, as Plaintiff has not alleged that any foreclosure on the Property has occurred.

Plaintiff's allegation that Defendant has waived its right to accelerate and foreclose, Dkt. 5 at ¶18, also does not state a claim. *Robinson v. Wells Fargo Bank, N.A.*, 2014 WL 3702588, 4 (5th Cir. 2014) ("Wells Fargo's decision to delay foreclosing on the property and to engage in discussions regarding the modification of the Robinsons' loan agreement do not manifest an express intent by Wells Fargo to waive its right to foreclose."); *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. App'x 233, 240 (5th Cir. 2014) ("Wells Fargo's actions delaying foreclosure and expressing a willingness to modify the Williamses loan agreement do not manifest an intent by Wells Fargo to waive its right to foreclose."). Further, the Deed of Trust here expressly provides that "[a]ny forbearance by Lender in exercising any right or remedy ... shall not be a waiver of or preclude the exercise of any right or

---

²The Court notes that Defendant has attached to its motion to dismiss a copy of the November 4, 2013 Notice of Default and Intent to Accelerate addressed to Plaintiff with proof that it was sent by certified mail. *See* Dkt. 8-3. Under the Texas Property Code, service of notice of a foreclosure sale is complete when the notice is sent via certified mail, and "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is *prima facie* evidence of service." TEX. PROP. CODE § 51.002(e). And, as recently noted by the Fifth Circuit, there is not a requirement that Plaintiff receive the notice in order for it to be valid and effective. *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d. 249, 256 (5th Cir. 2013) ("There is no requirement that Martins receive the notice"). In a somewhat contradictory allegation to his claim that he did not receive notice, Plaintiff alleges that he "received correspondence from Defendant threatening to foreclose on his home." Dkt. 5 at ¶10. It is unclear whether such correspondence was the notice Defendant has attached to its motion. Nonetheless, because no damages flowing from the purportedly defective notices have been alleged, however, clarification of this issue is unnecessary for the Court's disposition of the case.

remedy." Dkt. 8-2 at § 12.[3] The Court finds that, given the express language of the Deed of Trust, Plaintiff cannot base a breach of contract action on this theory.

For these reasons, the Court also finds that no claim for anticipatory breach has been stated. In Texas, in order to prevail on a claim for anticipatory breach, a plaintiff must establish each of the following elements: (1) an absolute repudiation of the obligation; (2) a lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party. *Gonzalez v. Denning*, 394 F.3d 388, 394 - 95 (5th Cir. 2004). Plaintiff has not sufficiently stated these elements and specifically has not stated what obligations Defendant repudiated as to the underlying mortgage documents. Although Plaintiff argues that "[h]ad Defendant sent a denial letter to Plaintiff, then Plaintiff would have had the right to appeal," Dkt. 5 at ¶12, Plaintiff has cited to no contractual provision that obligated Defendant to issue such a denial letter or entitled Plaintiff to an appeal. Nor has Plaintiff alleged sufficient facts in the claiming that Defendant "prevented Plaintiff from performing the contract." Dkt. 5 at ¶ 18. Therefore, any claims for anticipatory breach of contract are dismissed.

---

[3]The Deed of Trust is attached to the motion to dismiss. A district court may consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Scanlan v. Tex*as *A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004). The Fifth Circuit has also held that courts are permitted to refer to matters of public record when deciding a motion to dismiss under Rule 12(b)(6). *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1996). "[T]aking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Motten v. Chase Home Fin.*, 2011 WL 2566092 at *2 (S.D. Tex. 2011) (*citing Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011)). The Deed of Trust is referred to in Plaintiff's complaint and is central to his claims, and the Court has considered it here.

The allegation that Defendant "agreed that it would review the loan for a modification" is also insufficient for a breach of contract claim. Dkt. 5 at ¶11. Any unilateral or bilateral contract modifying the underlying Note and Deed of Trust was subject to the requirements of the statute of frauds. *See* TEX. BUS. & COM. CODE ANN. § 26.02(a)(2) and (b) (2009) (a loan agreement involving a loan exceeding $50,000 in value is subject to the statute of frauds); *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (any contract subject to the statute of frauds and not in writing is unenforceable under Texas law). For any loan modification to form the basis of any contract claim, it must have been in writing. *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) ("An agreement regarding the transfer of the property or modification of a loan must therefore be in writing to be valid."); *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238-39 (5th Cir. 2014) ("The statute of frauds also applies to preclude enforcement of oral modifications to loan agreements.") (internal citation omitted); *James v. Wells Fargo Bank, N.A.*, 533 Fed. App'x 444, 447 (5th Cir. 2013) ("plaintiffs' breach of contract claim fails as a matter of law because the parties' oral agreement to enter into loan modification proceedings never ripened into an enforceable contract due to plaintiffs' lack of consideration... and the putative oral contract to delay repayment of the $234,800 loan is barred by the statute of frauds."). Because part of Plaintiff's allegations here is that Defendant has not modified his loan, no written modification satisfying the statute of frauds has been alleged.

Nor has Plaintiff stated any facts regarding any promise to sign a modification agreement such that promissory estoppel would save his claims. *Martins*, 722 F.3d at 256 ("Martins alleges only an oral agreement, not a promise on the part of BAC or its agents to sign an agreement

validating the oral agreement that would satisfy the statute of frauds."); *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (lack of promise to sign a prepared document that comports with Texas's statute of frauds, which would have memorialized oral promises regarding modification was fatal to borrowers' promissory estoppel claims); *Martin-Janson v. JP Morgan Chase Bank, N.A.*, 536 Fed. App'x 394, 398 (5th Cir. 2013). Plaintiff has also not alleged the reliance damages necessary for a promissory estoppel claim.

> As to his reliance, Plaintiff alleges as follows:
>
> Plaintiff acted in good faith and relied on Defendant that the loan modification was in review. In spite of all of Plaintiff's efforts, Defendant still intends to foreclose on Plaintiff's house. Defendant has caused Plaintiff to incur additional late fees, default interest and fees which only added to his burden at the time. Defendant has made it impossible for Plaintiff to catch up in spite of Plaintiff's request for loan assistance.

Dkt. 5 at ¶12.

This is not sufficient to state the reliance damages necessary to support a claim of promissory estoppel because no facts are stated that Plaintiff would not have been behind on payments and thus not been in default had any loan modification offers not been made. *Waltner v. Aurora Loan Services, L.L.C.*, 551 Fed. App'x 741, 746 (5th Cir. 2013) ("Absent the promise to modify their loan, the Waltners would still have been in default, and there was no evidence at trial as to any action the Waltners would have taken to avoid the various negative consequences they asserted had they not received the promise to modify their loan."); *Pennington v. HSBC Bank USA, N.A.*, 493 Fed. App'x 548, 557 (5th Cir. 2012) ("Smith, however, has not alleged any alternative course of action she would have taken, except for never falling behind, which prevents her from relying on promissory estoppel in any event.").

Plaintiff also argues that he "was not given proper notice pursuant to the statutory requirement of the Texas Debt Collection Act," and that "[t]he Texas Debt Collection Act requires that a debtor be given at least 30 days to request and obtain verification of the debt prior to any notice of foreclosure proceedings on a debtor's homestead." Dkt. 5 at ¶14. The prayer of Plaintiff's Original Petition also seeks damages under Sections 392.403 and 392.404 of the Texas Finance Code. *See* Dkt. 7 at pg. 7. Plaintiff has listed no separate claims under the Texas Debt Collection Practices Act, and Plaintiff has not cited the provisions he claims were violated.

In his response to Defendant's motion to dismiss, Plaintiff states that he "will amend his complaint to dismiss this cause of action against Defendant." Dkt. 11 at 7. Since filing his response more than two months ago, Plaintiff has not amended his complaint, and it is unclear whether Plaintiff concedes that no claim has been stated. However, to the extent not already abandoned, the Court finds that no claims under the TDCA have been stated regarding the notices given to him as Plaintiff's allegations do not rise beyond mere labels and conclusions.[4]

Finally, the Court notes that no claim can be stated based on Plaintiff's allegation that "Defendant has not agreed to stop their [sic] efforts to foreclose on the Property." Dkt. 5 at ¶13.

---

[4]The Court also notes that Fifth Circuit authority holds that allegations regarding loan modification representations generally cannot state a debt collection practices claim. *See Chavez v. Wells Fargo Bank, N.A.*, 2014 WL 3938987, 2 -3 (5th Cir. 2014) ("We do not condone Wells Fargo's conduct as alleged, but terrible customer service is not automatically the equivalent of 'deceptive means.' We have previously held that statements regarding loan modifications do not concern the 'character, extent, or amount of a consumer debt' under section 392.304(a)(8).") (citing *Miller v. BAC Home Loans Serv., L.P.,* 726 F.3d 717, 723 (5th Cir. 2013)); *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. App'x 233, 241 (5th Cir. 2014) (noting that allowing the plaintiffs to recover under Section 392.304(a)(19) of the TDCA for an alleged oral loan modification which is barred by the statute of frauds would "allow them to do indirectly what they could not by law do directly" and no debt collection claim can be stated).

Such is Defendant's contractual right under the terms of the Deed of Trust and Note in the event of Plaintiff's default. No amendment would cure the defects in Plaintiff's allegations. Defendant Regions Bank's Motion to Dismiss (Dkt. 8) is GRANTED, and Plaintiff's claims are dismissed for failure to state a claim.

**SO ORDERED.**

**SIGNED this 21st day of October, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE